IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ANTHONY GRAVES | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-00-221 |
| | § | |
| GARY L. JOHNSON | § | |

## OPINION AND ORDER

Following the issuance of the Mandate by the United States Court of Appeals for the Fifth Circuit instructing this Court to grant habeas relief to Petitioner, Anthony Graves, this Court issued an Amended Order, dated May 16, 2006, conditionally granting Graves' Petition for Writ of Habeas Corpus unless the State proceeded to retry Graves within 120 days. On May 31, 2006, Respondent, Nathaniel Quarterman, filed a Petition for Writ of Certiorari. Thereafter, on June 7, 2006, Respondent filed the instant Motion to Stay the Amended Order; this Motion is opposed by Graves. Upon consideration of the Motion the Court issues this Opinion and Order.

The United States Court of Appeals for the Fifth Circuit has declared Graves' conviction and continued incarceration to be unconstitutional. The Court of Appeals found that " Graves' conviction rests almost entirely on Carter' s testimony and there is no direct evidence linking him with Carter or the murder scene other than Carter' s testimony." The Court of Appeals concluded that the proper disclosure of the obvious <u>Brady</u> material " would have resulted in a markedly weaker case for the prosecution and a markedly stronger one for the defense." The Court of Appeals then reversed the decision of this Court and remanded the case " with instructions to grant the writ of habeas corpus unless the state proceeds to retry petitioner within a reasonable time."

This Court followed those instructions and ordered that the state initiate a new trial against Graves within 120 days.

The filing of a petition for a writ of certiorari does not presently change the findings and conclusions of the Court of Appeals.  The mere possibility that the United States Supreme Court could accept review of the decision of the Court of Appeals and reverse is not sufficiently likely to justify Graves' continued detention in contravention of Rule 23(c) of the Federal Rules of Appellate Procedure.  Cf. Woods v. Causen, 637 F. Supp. 1195 (E.D. Wis. 1986)

It is, therefore, **ORDERED** that the " Motion to Stay Amended Order Conditionally Granting Habeas Relief Pending Appeal" (Instrument no. 137) of Respondent Nathaniel Quarterman is **DENIED**.

**DONE** at Galveston, Texas, this 30th day of August, 2006.

Samuel B. Kent
United States District Judge

2