IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ANTHONY GRAVES | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-00-221 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

## REPORT AND RECOMMENDATION

On October 4, 2006, this Court conducted a Hearing on the "Motion for Release" of Petitioner, Anthony Graves; the Motion is opposed by the Respondent. For reasons not briefed or argued by the Parties, this Court **RECOMMENDS** that the Motion (Instrument no. 139) be **GRANTED**.

Following the issuance of the Mandate of the United States Court of Appeals for the Fifth Circuit instructing the District Court to grant habeas relief to Graves, the District Court issued an Amended Order, dated May 16, 2006, conditionally granting Graves' Petition for Writ of Habeas Corpus unless the State of Texas proceeded to retry Graves within 120 days. The State did not do so; instead, it filed a Petition for Writ of Certiorari with the United States Supreme Court which was denied on October 2, 2006. At the present stage of these proceedings, because there has been a final decision that Graves' current custody violates federal law, Graves is back in the position of being a pre-trial detainee and his right to bail is presumed. See Hilton v. Braunskill, 481 U.S. 770, 774 (1987) (Grant of habeas corpus relief creates rebuttal presumption that prisoner deserves to be released from custody.) In such a situation, it appears the federal court which granted the relief must, through its inherent authority to enforce its habeas decrees, retain continued, concurrent jurisdiction over the bail issue; otherwise, the State, by denying bail and

delaying completion of the retrial could extend the unlawful incarceration of Graves and nullify the federal remedy. In the instant case, the State has not proceeded to retry Graves, as ordered, and he is entitled to bail unless he poses a flight risk. Cf. Phifer v. Warden, 53 F.3d 859, 864-65 (7th Cir. 1995)   The evidence presented by the State on the issue of Graves' potential to flee consisted of visitation logs showing that Graves has been visited by, and received letters from, people from over seas. This evidence, alone, cannot support a finding that Graves is likely to flee if released. Therefore, it is the **RECOMMENDATION** of this Court that the District Court **SET** bail in the amount of $50,000.00 with the conditions that a $5,000.00 cash deposit be paid into the Registry of the Court, that Graves appear in the State Court as necessary, and that Graves not travel outside the boundaries of the State of Texas without prior Court approval.

Of course, the Court realizes that once the State undertakes to retry Graves, the prosecution is free, pursuant to the State's regular pre-trial detention procedures, Article 16.15, Tex. Code Crim. Proc. (Judge may admit capital defendant to bail unless proof is evident), to ask the State trial court to order Graves detained pending retrial under the re-activated Indictment. In Bowen v. Maynard, 799 F.2d 593, 614 (10th Cir.) cert. denied 479 U.S. 962 (1986), the Court held that while the effect of the federal habeas judgment was to invalidate Bowen's convictions and death sentences for constitutional infirmities, the underlying information had not been set aside, retrial was not prohibited, and the State was not barred upon Bowen's release under the District Court's Order, from retaking custody of Bowen under the murder charges in the Information. See also Carter v. Rafferty, 781 F.2d 993, 998-99 & n.6 (3d Cir. 1986) (Nothing prevents the State from dealing with a habeas releasee who will be retried as the State would deal with any other state prisoner who has yet to stand trial) But see Powers v. Schwartz, 448 F.Supp. 54, 57 (S.D. Fla.

1978) (District Court orders Petitioner released on own recognizance where State ignored order to hold a bond hearing) see also Sellars v. Estelle, 450 F.Supp. 1262, 1265 (S.D. Tx. 1978) (Same).

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **October 20, 2006** in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk.  The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  Failure to file written objections within the prescribed time **SHALL** bar the Parties from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ____4th____ day of October, 2006.

John R. Froeschner
United States Magistrate Judge

3