IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ANTHONY GRAVES | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-00-221 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

**OPINION AND ORDER**

Before the Court is a Report and Recommendation from the United States Magistrate Judge which recommends that this Court set bail for Petitioner, Anthony Graves, in the amount of $50,000.00 with the additional conditions that $5,000.00 be paid into the Registry of the Court and that Graves appear before the State Court as required and restrict his travel to the State of Texas. Respondent has filed objections to the Report and Recommendation to which Graves has responded. Respondent has also filed a " Motion for Leave to Supplement Written Objections to U.S. Magistrate's Report and Recommendation" (Instrument no. 153) which is hereby **GRANTED**.

Upon *de novo* review, under 28 U.S.C. § 636(b)(1)(C), this Court **FINDS** that the Report and Recommendation is a well reasoned and correct application of federal habeas law to the facts in this case and it is, therefore, **ACCEPTED** by this Court in its entirety and incorporated by reference herein.

Contrary to the Respondent's objection, a federal District Court does continue to have jurisdiction over the issue of bail after it orders the State to release the Petitioner unless it retries him within a specified time and that Order has become final. See 2 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 36.4(c) (3rd Ed. 1998)    This inherent

power derives from the power to issue the writ of habeas corpus itself, <u>Marino v. Vasquez</u>, 812 F.2d 499, 507 (9th Cir. 1987), and, consequently, cannot be evaded by the simple transfer of Petitioner to another state facility. Since the retrial of Graves, if any there will be, has not yet commenced he is entitled to apply to this Court for bail.

The Court also rejects the Respondent's argument that the bail recommended by the Magistrate Judge is insufficient. The United States Court of Appeals has determined that, in its opinion, the sufficiency of the evidence against Graves is questionable; as a result, this Court agrees with the Magistrate Judge that the recommended bail requirements appear adequate. If even relevant, Cf. <u>Carter v. Rafferty</u>, 781 F.2d 993, 996-97 (3d Cir. 1986), Graves' earlier criminal record does not, in the opinion of this Court, establish that he is a danger to the community and Respondent has argued nothing more than the potential risk of flight inherent in all criminal prosecutions.

The Court finds the remainder of the Respondent's objections to be without merit and sees no need to specifically address them.

It is, therefore, the **ORDER** of this Court that the "Motion for Release" (Instrument no. 139) of Petitioner, Anthony Graves, is **GRANTED**.

It is further **ORDERED** that bail is **SET** in the amount of **$50,000.00** with the conditions that a **$5,000.00 cash deposit** be paid into the Registry of the Court, that Graves appear in the State Court as necessary, and that Graves not travel outside the boundaries of the State of Texas without prior Court approval.

It is further **ORDERED** that upon compliance with the conditions of his release, Graves be **RELEASED** from custody unless the State Trial Court, prior to that time, has set bail in a

particular amount or issued a Detention Order pursuant to the State's regular pre-trial detention procedures.  See Carter, 781 F.2d at 998-99 n.6

It is further **ORDERED** that this matter is **RETURNED** to the United States Magistrate Judge for the limited purpose of performing the ministerial duties necessary to effectuate enforcement of this Opinion and Order.

**DONE** at Galveston, Texas, this 3rd day of November, 2006.

_____
Samuel B. Kent
United States District Judge